## Low vs. Ross.

Where, in trespass *quare clausum fregit*, the declaration was general, describing no particular close, and the defendant in his *plea* described a large close, in in which he alleged that the act complained of was committed, and to which he pleaded title; and the plaintiff *replied*, newly assigning a *small* close, parcel of the large one, as the place where the trespass was done, which he alleged was his own soil and freehold, and *traversed* the title of the defendant to the *whole* of the large close; to which the defendant *rejoined* that he was not guilty of any trespass in the *small* close, and concluded to the country;—it was held on demurrer that the plaintiff's traverse of the defendant's title to the *whole* close was an immaterial traverse, which the defendant might well pass by; and that the rejoinder was good.

In trespass *qu. cl.* before a Justice of the peace, if the defendant plead a title to the soil and freehold, this plea, without any replication from the plaintiff, puts an end to the magistrate's jurisdiction over the cause; except that he must take the recognizance of the party for its prosecution in the Court of Common Pleas, where the pleadings are to be closed.

In this case, which was trespass *quare clausum*, brought before a Justice of the peace, the plaintiff declared generally for breaking and entering his close in *Kennebunk*, without giving it any particular designation or description. The defendant pleaded title to the close before the Justice, who thereupon proceeded to take his recognizance to prosecute the suit in the Court of Common Pleas, pursuant to the statute. In that Court the pleadings proceeded to a joinder in general demurrer; on the opening of which before *Whitman* C. J. he ordered that the action be dismissed, on the ground that the soil and freehold not having been *put in issue* before the Justice, the cause was brought up prematurely, and the Court of Common Pleas had not jurisdiction. From this decision the plaintiff appealed.

The Court said that no replication was necessary before the Justice; it was enough that the title to real estate was *pleaded* there. On the *filing* of such plea, the jurisdiction of the Justice was determined; and it was his duty forthwith to take the recognizance of the defendant, as the statute directs. They therefore sustained the appeal, and ordered the cause to stand for trial in this Court.

Low *v.* Ross.

The nature of the pleadings in this case will be sufficiently understood as they are briefly stated in the opinion of the Court, delivered at the ensuing term in *Cumberland*, by

MELLEN C. J. In this case the declaration is general; not describing any close in particular. The *plea* describes a close by metes and bounds, containing 150 acres; and states that the supposed trespass was committed in that close, and that it is the soil and freehold of *Mary Hanscom*, as whose servant the defendant did the act complained of. The replication states that the trespass was committed in a close of fifteen acres, being a part of the close of 150 acres; which part is described by metes and bounds;—and it further states that it is the soil and freehold of the plaintiff; and contains a traverse that the *whole* close of 150 acres is the soil and freehold of said *Mary Hanscom*. The defendant then in the rejoinder pleads to this new charge that he is *not guilty* of any trespass on the close of fifteen acres and concludes to the country. To this there is a general demurrer and joinder.

The pleadings appear to have been drawn rather inartificially; and for that very reason, the application of legal principles, in deciding the cause, is attended with more difficulty than in those cases where technical rules are observed.

The replication seems to have been intended as a *new assignment*;—and the facts disclosed are such as to render a new assignment necessary and proper; for the plaintiff does not in his replication assert a title to the whole close; but only to the fifteen acres, in which he says the trespass was committed. " As the " plaintiff may new assign the trespass in a *different* close, so he " may new assign it in *another part* of the *same* close." *Lawes on Plead.* 163. This is done in the present case; but the plaintiff has gone further and traversed the title of *Mary Hanscom*, to the whole close of 150 acres described in the plea. A new assignment of the trespass as committed in another close, need not and should not contain any *traverse*; for the object is to reduce to certainty the place where the trespass is intended to be proved; which was not attempted in the declaration, and which the *plea* has not *done.* " The plaintiff may new assign with or without " taking issue on, or otherwise answering the special plea."

*Lawes* 240, 1 *D.* & *E.* 479, 636. The more correct mode of pleading in this case would have been for the plaintiff in his replication to have *restricted* the close described in the plea; and having butted and bounded the fifteen acres, as he has done, to have averred the same to be *his soil and freehold*, and traversed the title of *Mary Hanscom* to that particular part of the 150 acres. This would have been proper, as the defendant in his plea had alleged the whole close to belong to *Mary Hanscom*; of course, *she* and the *plaintiff* both claimed the fifteen acres. Had such been the traverse it would have brought the question between the parties to an end, and settled the cause. For if the small close is really the soil and freehold of *Mary Hanscom*; the plaintiff has no cause of action; or if this close belonged to the plaintiff, still if the defendant has not committed any trespass on the close of fifteen acres, then, also, the plaintiff has no cause of action. The defendant has by the general issue denied any such tresspass; and the plaintiff has demurred to that plea. If the replication in this case be considered, as it was without question intended, as a new assignment, the defendant, by pleading not guilty to it, has not been guilty of a departure. Besides, if a plaintiff vary in his replication from his count, or a defendant in his rejoinder from his plea, in a fact which is not material, this is not a departure. *Com. Dig. Pleader F.* 11. *Chitty Pl.* 622. 1 *Salk.* 222. 1 *Ld. Raymond* 120. Now, in the present case, by the replication, restricting the close described in the plea, and confining the question to the fifteen acres, it became a point perfectly immaterial, who owned the residue of the 150 acres. In this view of the cause, considering the replication as a new assignment, and the defendant's rejoinder as a general issue, denying the charge newly made against him; it would seem to be properly pleaded,and not to amount to a departure from the plea. We do not mean to decide, however, as to the correctness of this view; and accordingly, we rest our opinion upon another ground. Proceeding on the supposition that the rejoinder is bad, as being a departure; still on this demurrer, we must look back and see who has committed the *first* fault. The inquiry then is, whether the replication, not considered in the nature of a new assignment, is good and sufficient. As we have before stated,

when the defendant had described a close distinctly, containing 150 acres, as the place where the supposed trespass was committed, and justified under *Mary Hanscom* as owner of it; the plaintiff, as he did not claim title in any part of it, except the fifteen acres described in the replication, very properly confined the assertion of his ownership to the fifteen acres;—thus drawing the question nearer to a point. Having thus replied, it at once became totally immaterial whether *Mary Hanscom* owned the residue of the 150 acres, as we have stated before, or *who* owned it. The plaintiffs therefore should have traversed her title to the fifteen acres only; and not to the whole 150 acres. *Chitty* 597, says—" If a traverse be of a matter *immaterial* or an " inference of law, or *not to the substance and point of the action*, " the other party may either *demur specially*, or *pass it by* and " tender *another traverse.*" According to this authority, as the defendant did not demur specially on account of the immateriality of this traverse, he cannot, perhaps, on the general demurrer of the plaintiff avail himself of it, by way of *first fault*, on the plaintiff's part; but he might *pass it by* and tender *another* traverse. Has he so done in the present case ? Instead of taking issue on the traverse, he has taken no notice of it, but has *denied* having trespassed on the fifteen acres. And why is this not a traverse of a material fact ? If the plaintiff does own the fifteen acres he certainly ought not to recover of the defendant, if he is innocent. He pleads he is *not guilty*, and the plaintiff seems to have fairly admitted the truth of the rejoinder by his demurrer. On this point, the case of *Richardson & al. in error v. The Mayor and Company of Oxford 2 H. Bl.* 182, appears to be an important one.

This case was decided, on error, in the exchequer chamber, and by the decision, the judgment of the Court of King's bench was reversed. In the original action the mayor and company of *Oxford* brought trespass against the plaintiffs in error, for fishing in the plaintiff's fishery. The defendant pleaded that the *locus in quo* was an arm of the sea, in which every subject of the realm had the liberty and privilege of free fishing. The plaintiffs replied a prescription for the sole and several right of fishing ; and traversed that every subject had the liberty and privilege of

free fishing in the *locus in quo*. This, on general demurrer, was held to be a bad traverse ; and that the defendants therefore, might well pass it by in the rejoinder, and traverse the prescriptive right of the plaintiffs, stated in the replication. Lord Chief Justice *Eyre*, in delivering the opinion of the Court says, " The " first traverse was of the right of all the King's subjects to fish " in the arm of the sea ; this was clearly a bad and immaterial " traverse ; for it was not only a traverse of an inference of law, " but it was so taken, that if at the trial it had been proved that " it was the separate right of others, and not of the plaintiffs, the " issue must have been found for the plaintiffs, not only without " their being obliged to prove either possession or right, but " where in fact they had neither possession nor right." So in the present case, if the defendant had taken issue on the traverse, he must have failed, unless he had proved a title in *Mary Hanscom* to the whole close of 150 acres, although the plaintiff had proved no title to the 15 acres ; and though the defendant had not committed any trespass whatever on that close. Reasoning which leads to such a conclusion cannot be correct, and ought not to be sanctioned. The pleadings as they stand have perplexed the cause, requiring a minute and laborious examination ; but the authorities have led us to the conclusion that the demurrer must be overruled ; and the Court accordingly adjudge the rejoinder good and sufficient.